## ANONYMOUS.

The *complaint* need not be published in an order of publication against an absent Defendant.

*Sept.* 1, 1848.—F. L. SEELY moved before Mr. Justice HAND, at his chambers, for an order of publication in case of an absent Defendant. The suit was commenced since the first day of July last for the adultery of the wife. The draft of the order asked for, included the complaint.

HAND, Justice.—I do not think the complaint need be published. (Code, §§ 106, 107, 114, 116 and 117.) The 114th section in terms requires the publication of the summons only, and that includes the notice mentioned in § 108, but not the complaint. Summons and complaint are not synonymous in the code, nor does one include the other. It is true that some provisions of that act may appear to be inconsistent with this view. Thus, the 109th section requires the complaint to be served with the summons except in certain cases. Proof of the service of the summons and complaint to obtain judgment on failure to answer, is necessary by § 202. If a copy of the complaint be not published, it is not served on an absent Defendant, (not appearing) in any way. And

it is not clear how a Defendant is to obtain a copy, if he appear, in such cases. But on the other hand, a complaint is not to be served in every case, (§ 109, and see § 117,) and § 202, therefore, requires proof of the service of the complaint only where such service must be made; and probably if an absent Defendant should appear and the Plaintiff should refuse to give him a copy of the complaint the court would find some mode of relief. The language of the 114th section is explicit; and it could not have been intended that the complaint, which would sometimes, notwithstanding every effort at brevity, be very voluminous, should be published. Besides, in some cases, as in actions for a divorce for adultery or impotency, &c., such publication would offend public decency, and might be grossly unjust to third persons.